IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Zandonatti, a single person,<br><br>    Plaintiffs,<br><br>vs.<br><br>Colorado Federal Savings Bank, original lender; EMC Mortgage Corporation, attorney in fact for beneficiary; Red House Lending Incorporated, mortgage broker; et al.,<br><br>    Defendants.<br>_____ | No. CIV 10-441-TUC-RCC (GEE)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the court is a motion to remand filed by the plaintiff, David Zandonatti, on August 8, 2010. (Doc. 9)

    On July 23, 2010, the defendant, Colorado Federal Savings Bank, removed this case from Pima County Superior Court alleging federal question jurisdiction. The plaintiff, David Zandonatti, moves that this court remand the action to State court because federal claims are not central to the case and because all defendants did not join in the notice of removal.

    The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

    The motion should be denied. The court has federal question jurisdiction, and the notice of removal does not violate the unanimity rule.

Factual and Procedural Background

On January 10, 2006, Zandonatti borrowed $211,900.00 from the defendant, Colorado Federal Savings Bank, to purchase a certain property in Sahuarita, Arizona. (Notice of Removal, Complaint.) Zandonatti assumed a so-called subprime mortgage with an adjustable interest rate initially set at 8.125 percent, rising to 10.75 percent after five years, and eventually reaching a high of 13.125 percent. *Id*. The loan also contained an interest-only provision for the first 10 years. *Id*.

On June 30, 2010, Zandonatti filed in Pima County Superior Court a complaint alleging the defendants conspired to qualify him for a loan that he could not afford. *Id*. His compliant lists twelve causes of action: (1) Declaratory Relief, (2) Contractual Breach of Good Faith and Fair Dealing, (3) Violations of TILA (15 U.S.C. § 1601, et.seq.), (4) Violations of RESPA (12 U.S.C. § 2601 et seq.), (5) Rescission, (6) Fraud, (7) Unfair and Deceptive Acts and Practices, (8) Breach of Fiduciary Duty, (9) Unconscionability, (10) Predatory Lending, (11) Injunctive Relief, and (12) Quiet Title. *Id*.

On July 23, 2010, the defendant, EMC Mortgage Corporation, filed a notice of removal in this court alleging federal question jurisdiction. EMC asserted in its notice that counsel for the defendants, Colorado Federal Savings Bank and Quality Loan Service Corp., were contacted and they consented to the removal. (Notice of Removal.) According to EMC, the defendant, Red House Lending, Inc., no longer exists. *Id*.

In its Supplemental Civil Cover Sheet, EMC stated it was served on July 6, 2010, but no other party had been served at the time of removal. (Notice of Removal, attachments.)

On August 23, 2010, Zandonatti filed the instant motion to remand. He moves that the court remand the action to State court because federal claims are not central to the case and because all defendants did not join in the notice of removal.

On September 7, 2010, EMC filed a response to Zandonatti's motion to remand. Zandonatti filed a reply on October 4, 2010.

Discussion: Federal Question Jurisdiction

1    In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1441(a). The defendant has the burden of proving removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). In this case, EMC argues removal is proper because this court has federal question jurisdiction. (Notice of Removal.)

"As a general rule, the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Arco Environmental Remediation v. Department of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." *Id.* at 1114.

In this case, Zandonatti chose to include in his complaint two federal statutory claims: a claim pursuant to the Truth In Lending Act, 15 U.S.C. §§ 1601, et seq., and a claim pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. The court therefore has original jurisdiction over this action pursuant to 28 U.S.C. 1331.

Zandonatti argues the federal claims are not central to the action and his state law claims predominate. Unfortunately, that does not matter. As long as his complaint contains at least one federal cause of action, this court has original jurisdiction and removal is proper. *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 386, 118 S.Ct. 2047, 2051 (1998) ("We have suggested that the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal.").

Discussion: Unanimity

Zandonatti further argues the notice of removal violates the principle of unanimity because the notice of removal was signed only by EMC. The court does not agree.

The procedure for removal is codified at 28 U.S.C. § 1446. The notice of removal must be filed "within thirty days after the receipt by the defendant, through service or

1  otherwise of a copy of the initial pleading" or "within thirty days after the service of
2  summons upon the defendant" in those jurisdictions that require the plaintiff to file the
3  complaint with the court but do not require the plaintiff to serve a copy of the complaint on
4  each defendant.  28 U.S.C. § 1446(b).  In a multi-defendant case, removal is permitted only
5  if the defendants are unanimous in their request for removal. *Hewitt v. City of Stanton*, 798
6  F.2d 1230, 1232 (9th Cir.1986).  This is the so-called unanimity rule.  For the purposes of the
7  unanimity rule, those defendants who have not been properly served at the time the notice
8  is filed may be ignored.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir.
9  1988).

10    In this case, when the notice of removal was filed, only EMC had been properly
11  served.  Accordingly, only EMC needed to sign the notice of removal. The fact that the
12  unserved defendants did not join in the notice of removal does not require remand.

14    Recommendation
15    The Magistrate Judge recommends the district court, after its independent review of
16  the record, enter an order
17    DENYING the motion to remand filed by the plaintiff, David Zandonatti, on August
18  8, 2010.  (Doc. 9)
19    Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
20  14 days of being served with a copy of this report and recommendation.   If objections are
21  not timely filed, the party's right to de novo review may be waived.
22    The Clerk is directed to send a copy of this report and recommendation to all parties.
23    DATED this 13th day of October, 2010.

*/s/ Glenda E. Edmonds*
Glenda E. Edmonds
United States Magistrate Judge