IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Zandonatti, a single person,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Colorado Federal Savings Bank, original lender; EMC Mortgage Corporation, attorney in fact for beneficiary; Quality Loan Service Corp., substitute trustee; et al.,<br><br>　　　　　Defendants.<br>_____ | No. CIV 10-441-TUC-RCC (GEE)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the court is a motion to dismiss filed by the defendant, EMC Mortgage Corporation (EMC), on July 30, 2010.  (Doc. 4)

Also pending is EMC's motion for a summary ruling filed on October 5, 2010.  (Doc. 14)

The plaintiff in this case, David Zandonatti, claims the defendants conspired to qualify him for a home loan that he could not afford.  EMC moves that this court dismiss the complaint pursuant to Rules 8, 9, and 12(b)(6). Fed.R.Civ.P.  EMC further moves that this court dismiss the complaint summarily because Zandonatti did not file a response to its motion to dismiss.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to LRCiv. 72.2.

The motions should be granted.  The plaintiff failed to file a response to the motions violating LRCiv 7.2(i).

Factual and Procedural Background

On January 10, 2006, Zandonatti borrowed $211,900.00 from the defendant, Colorado Federal Savings Bank, to purchase a certain property in Sahuarita, Arizona. (Notice of Removal, Complaint.) Zandonatti assumed a so-called subprime mortgage with an adjustable interest rate initially set at 8.125 percent, rising to 10.75 percent after five years, and eventually reaching a high of 13.125 percent. *Id.* The loan contained an interest-only provision for the first 10 years. *Id.*

On June 30, 2010, Zandonatti filed a complaint in Pima County Superior Court alleging the defendants conspired to qualify him for a loan that he could not afford. *Id.* His compliant lists twelve causes of action: (1) Declaratory Relief, (2) Contractual Breach of Good Faith and Fair Dealing, (3) Violations of TILA (15 U.S.C. § 1601, et.seq.), (4) Violations of RESPA (12 U.S.C. § 2601 et seq.), (5) Rescission, (6) Fraud, (7) Unfair and Deceptive Acts and Practices, (8) Breach of Fiduciary Duty, (9) Unconscionability, (10) Predatory Lending, (11) Injunctive Relief, and (12) Quiet Title. *Id.*

On July 30, 2010, the defendant, EMC Mortgage Corporation, filed a motion to dismiss pursuant to Rules 8, 9, and 12(b)(6). Fed.R.Civ.P. Zandonatti did not file a response.

On October 5, 2010, EMC filed a motion for summary ruling. EMC argues that the motion to dismiss should be granted summarily pursuant to LRCiv. 7.2(i) because Zandonatti failed to file a response to that motion. Zandonatti did not file a response to the motion for summary ruling.

Discussion

LRCiv. 7.2(i) provides that if a non-moving party "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

The Ninth Circuit has previously held that "pro se litigants are bound by the rules of procedure" and the "(f)ailure to follow a district court's local rules is a proper ground for

1   dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).  Before the court may order
2   a summary dismissal, however, five factors must be considered:  "(1) the public's interest in
3   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
4   prejudice to the defendants; (4) the public policy favoring disposition of cases on their
5   merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53.

6   The first factor merits little discussion:  "[T]he public's interest in expeditious
7   resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d
8   983, 990 (9th Cir. 1999).

9   The second factor, the court's need to manage its docket, also favors dismissal.
10  EMC's motion was filed on July 30, 2010.  Zandonatti's failure to file a response has resulted
11  in a delay of approximately two and one-half months.  The plaintiff's failure is particularly
12  important where, as here, the Complaint was written by a lay person and the various causes
13  of action were not pled with the kind of clarity necessary to accurately and fairly analyze a
14  motion to dismiss.

15  While simple delay alone may not constitute prejudice to the defendant, the plaintiff's
16  failure in this case caused EMC to file a second motion, the motion for summary ruling.  The
17  plaintiff's failure to respond, therefore, has already caused an unnecessary expenditure of
18  resources.  The third factor also supports dismissal.

19  The public policy favoring disposition of cases on their merits weighs against
20  dismissal. *Pegtaluna v. Galaza*, 291 F.3d 639, 243 (9th Cir. 2002).

21  Finally, the court must consider the availability of less drastic sanctions.  Here, the
22  court is doubtful that less drastic sanctions would suffice.  Zandonatti's failure to respond to
23  the motion to dismiss is not an isolated occurrence.  He failed to respond to EMC's motion
24  to dismiss and failed to respond to EMC's motion for summary ruling.  In addition, the court
25  notes that the defendant, Quality Loan Service Corp., filed its own motion to dismiss on
26  October 13, 2010.  Zandonatti failed to file a response to that motion also.  The court
27  concludes that Zandoantti's failure to respond is likely to continue.   The court could
28

1  adjudicate the motion to dismiss without benefit of Zandonatti's response, but without his
2  input, a fair and accurate analysis of the complaint would be problematic.
3        The court finds that four of the five factors favor dismissal.  Accordingly, summary
4  dismissal is appropriate here.  *See, e.g., Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08
5  (9th Cir.2008) (unpublished) (granting dismissal pursuant to LRCiv 7.2(i)).

7        <u>Recommendation</u>
8        The Magistrate Judge recommends the district court, after its independent review of
9  the record, enter an order
10       GRANTING the defendant's motion to dismiss filed on July 30, 2010  (Doc. 4), and
11       GRANTING the defendant's motion for a summary ruling filed on October 5, 2010
12 (Doc. 14).
13       Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within
14 14 days of being served with a copy of this report and recommendation.   If objections are
15 not timely filed, the party's right to de novo review may be waived.
16       The Clerk is directed to send a copy of this report and recommendation to all parties.
17       DATED this 23rd day of November, 2010.

*[signature]*
Glenda E. Edmonds
United States Magistrate Judge